UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CYNTHIA BELLEROSE<br>Plaintiff | : | |
| VS. | : | |
| AMES DEPARTMENT STORES, INC.<br>Defendant/Debtor | : | C.A. NO.: 05-205ML |
| and | : | |
| CONSTITUTION STATE SERVICE CO.,<br>A Division of Travelers, Property Casualty,<br>Third Party Administrator | : | |

**ANSWER OF DEFENDANTS AMES DEPARTMENT STORES, INC. AND CONSTITUTION STATE SERVICE CO. TO PLAINTIFF'S COMPLAINT**

**NATURE OF ACTION AND RELIEF SOUGHT**

Defendants Ames Department Stores, Inc. ("Ames") and Constitution State Service Co. ("Constitution State"), hereinafter referred to as "Defendants", state that the allegations set forth in this section of the Complaint do not require a response. To the extent that a response is deemed necessary, Defendants neither admit nor deny the allegations set forth therein and leave plaintiff to her proof.

**JURISDICTION AND VENUE**

The allegations set forth in this section of the Complaint do not require a response. To the extent that a response is deemed necessary, however, Defendants deny that this Court has diversity jurisdiction over this action. Defendants further deny the remaining allegations set forth in paragraph 1 of this section.

Defendants admit that a bankruptcy petition was filed by Ames and is pending in the United States Bankruptcy Court for the Southern District of New York, BK. 01-42217-REG. Defendants further deny that this Court has jurisdiction over this action pursuant to 28 U.S.C. §157(c)(2).

**PARTIES**

1. Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 1 and leave plaintiff to her proof.

2. Ames admits that on the date of the alleged incident, it was doing business in the State of

Rhode Island and leaves plaintiff to her proof of the remaining allegations set forth in this paragraph.

3. Admitted.

4. Constitution State admits that it is a division of St. Paul Travelers and denies the remaining allegations of this paragraph.

5. Defendants admit that the applicable policy of insurance contains a retained limit in an amount in excess of any damages flowing from plaintiff's alleged claim.

**FACTUAL ALLEGATIONS**

6-7. The allegations set forth in paragraphs 6-7 call for a legal conclusion and therefore do not require a response. To the extent that a response is deemed necessary, the allegations are denied.

8-10. Defendants neither admit nor deny the allegations set forth in paragraphs 8-10 and leaves plaintiff to her proof.

11-13. Denied.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a cause of action upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

This Court lacks jurisdiction over the person of this defendant.

**THIRD AFFIRMATIVE DEFENSE**

This Court lacks subject matter jurisdiction.

**FOURTH AFFIRMATIVE DEFENSE**

This action fails for insufficiency of service of process.

**FIFTH AFFIRMATIVE DEFENSE**

This action fails for insufficiency of process.

**SIXTH AFFIRMATIVE DEFENSE**

This action fails for improper venue.

**SEVENTH AFFIRMATIVE DEFENSE**

This Court lacks jurisdiction pursuant to 28 U.S.C. § 157(c)(2) because, without limiting the generality thereof, this section is inapplicable to the subject litigation and Defendants do not consent to any proceedings under this section.

**EIGHTH AFFIRMATIVE DEFENSE**

This Court lacks jurisdiction to hear this matter because plaintiff has not obtained relief from the automatic stay imposed upon Defendant Ames Department Stores, Inc. pursuant to 11 U.S.C. § 362 by the U.S. Bankruptcy Court for the Southern District of New York.

**NINTH AFFIRMATIVE DEFENSE**

At all times, defendant acted reasonably and with due care toward plaintiff and was not negligent.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are completely barred or diminished pursuant to the doctrine of comparative negligence.

**ELEVENTH AFFIRMATIVE DEFENSE**

Any damages which plaintiff may have sustained resulted from plaintiff's assumption of the risk of injury.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's action is barred by the applicable statutes or periods of limitation.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's action is barred by the doctrines of estoppel, laches and/or waiver.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendant Constitution State's liability, if any, is limited by the insurance contract provisions

pertaining to the limits of liability, self-insured retention, other applicable insurance, deductibles and any other provisions which limit defendant's liability.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The underlying St. Paul Travelers policy of insurance is a self-insured excess commercial general liability policy which contains a retained limit in the amount of $500,000. Under no circumstances will any coverage afforded under any St. Paul Travelers policy act as a replacement for the retained limit. Constitution State is not liable, if at all, to any greater extent than it would have been liable had the insured or the insured's estate not become bankrupt or insolvent.

**SIXTEENTH AFFIRMATIVE DEFENSE**

There has been no determination by the Bankruptcy Court for the Southern District of New York that this claim shall be tried in the United States District Court for the District of Rhode Island, pursuant to 28 U.S.C. § 157(b)(5).

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendants respectfully reserve their rights to amend their Answer or to add such additional affirmative defenses, cross-claims and third-party claims as may be disclosed during the course of discovery in the captioned matter.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Upon information and belief, plaintiff has failed to file any claim with the Bankruptcy Court for the Southern District of New York.

**DEFENDANTS HEREBY DEMAND TRIAL BY JURY.**

Defendants
By Their Attorneys,

James A. Ruggieri #2828
HIGGINS, CAVANAGH & COONEY
123 Dyer Street
Providence, RI 02903
(401) 272-3500

**CERTIFICATION**

I hereby certify that on the 30th day of June, 2005, a true copy of the within was hand delivered to:

R. Andrew Pelletier, Esq.
PELLETIER & MIRZA, LLP
293 South Main Street
Providence, RI 02903

Jan Audino