FRUIT00033

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | : | Chapter 11 |
| **AMES DEPARTMENT STORES, INC.** | : | Case No: 01-42217 |
| **Debtor** | : | |

# DECLARATION OF MAILING NOTIFYING TRANSFEROR(S) AND TRANSFEREE(S) REGARDING NOTICE OF DEFECTIVE TRANSFER OF CLAIM PURSUANT TO FRBP RULE 3001 (e) (1) and/or (e) (2)

**STATE OF NEW YORK** )
) **SS:**
**COUNTY OF NEW YORK** )

I, Tina Clark declare:

1. I am over the age of 18 years and not a party to the within action.

2. I am employed by Donlin, Recano and Company, Inc., 419 Park Avenue South, Suite 1206, New York, NY 10016.

3. On the 28TH day of June, 2005, I received a copy of Notice of Transfer for Docket No(s). 2844 as printed from the docket maintained by the court for the captioned debtors.

4. On the 29TH day of June, 2005, I sent a copy of the Notice of Defective Transfer of claim pursuant to FRBP 3001 (e) (1) or (e) (2) to the Transferor and Transferee via first class mail, postage prepaid and by depositing same in a mail box maintained by the U.S. Postal Service.

5. I declare under penalty of perjury that the foregoing is true and correct. Executed this 29TH day of June, 2005 at New York, New York.

By Tina Clark
Tina Clark

Sworn before me this
29th day of June 2005

Notary Public

WILLIAM ANDREW LOGAN
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02LO6103254
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES... December 22, 2007

**RETURN TO THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**VIA FEDERAL EXPRESS**

DATE: June 29, 2005

TO: Mr. Mark Diamond, Operations Manager
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

FROM: Lillian Jordan, Supervisor
Donlin, Recano & Company, Inc.
419 Park Avenue South
Suite 12061099
New York, NY 10016

RE: DEBTOR: **AMES DEPARTMENT STORE INC.** CASE NO. **01-42217**

Enclosed please find the following: ___X___ Transfer ______ Claim ______ Other

**DOCKET #2844** **DATED: 6/24/05**

We are returning the attached **TRANSFER** to you for the following reasons:

**TRANSFEROR: CLAYSON KNITTING COMPANY**

**DEFECTIVE TRANSFER – CLAIM NOT ON FILE.**

If you should have any questions, please contact me at (212) 481-1411.

Thank you.

LJ:tlc
Attachment(s)

#2844
6-24-05

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X

In re:

**AMES DEPARTMENT STORES INC.**

Debtors.

In Proceedings For A Reorganization Under Chapter 11
Case No.: 01-42217 through 01-42221

---------------------------------------------------------------------X

NOTICE RE TRANSFER OF CLAIM PURSUANT TO FRBP RULE 3001 (e)(1)

To: (Transferee)

Amroc Investments, LLC
535 Madison Avenue, 15th Floor
New York, New York 10022
Attention: David S. Leinwand, Esq.

A transfer in the amount of **$104,670.72** from:

Clayson Knitting Company (Transferor)
734 South Main Street
Star, NC 27356
Attention: Ms. Jane Maxwell

is acknowledged. By filing pursuant to Rule 3001 (e)(1), you affirm that you have searched the official claims register and that the transferor has not previously filed a proof of claim. Refer to INTERNAL CONTROL NUMBER 2844 in any further correspondence relative to this transfer.

Clerk of the Court

FOR CLERK'S OFFICE USE ONLY:
This notice was mailed to the first named party, by first class mail, postage prepaid on 6/29, 2005
Copy: Debtor's Attorney ____________
Claims Agent [signature] ____________

____________________
Deputy Clerk

**Donlin, Recano & Company, Inc.**
**as Agent for the**
**United States Bankruptcy Court-SDNY**

**NOTICE OF ASSIGNMENT OF ADMINISTRATIVE CLAIM**

**CLAYSON KNITTING COMPANY, INC.**, a(n) North Carolina corporation, its successors and assigns ("Assignor"), for good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, does hereby absolutely and unconditionally sell, transfer and assign unto **AMROC INVESTMENTS, LLC**, a New York limited liability company, its successors and assigns ("Assignee") all rights, title and interest in and to the claim(s) of Assignor in the principal amount of **$104,670.72** (proof of claim amount, defined as the "Claim") against **AMES DEPARTMENT STORES INC** (the "Debtor") together with interest, if any, in the United States Bankruptcy Court, Southern District of New York, or any other court with jurisdiction over the Proceedings (the "Court"), Administered at Case No. 01-42217 (defined as the "Proceedings").

Assignor hereby waives any notice or hearing requirements imposed by Rule 3001 of the Bankruptcy Rules, and stipulates that an order may be entered recognizing this assignment of Claim as an unconditional assignment and the Assignee herein as the valid owner of the Claim.

**IN WITNESS WHEREOF**, the undersigned has duly executed this Agreement by its duly authorized representative dated the 27 day of April, 2005.

**CLAYSON KNITTING COMPANY, INC.**

WITNESS Jane L. Maxwell
(Signature)

John M. Richardson
(Signature Of Corporate Officer)

Jane L. Maxwell CFO
(Print Name And Title Of Witness)

John M. Richardson E. VP
(Print Name And Title Of Corporate Officer)

**EXHIBIT "A"**

Ames

AMES DEPARTMENT STORES, INC.
2418 MAIN STREET
ROCKY HILL, CT 06067-0326

September 17, 2003

BY FACSIMILE - 336-379-1198

Everett B. Saslow, Jr.
Hill, Evans, Duncan, Jordan & Beatty, PLLC
P.O. Box 989
Greensboro, NC 27402

Re: In re Ames Department Stores, Inc., Ch. 11 Case No. 01-42217(REG)

Dear Mr. Saslow:

On July 8, 2003, United States Bankruptcy Judge Robert E. Gerber issued an order (the "Administrative Expense Order") in the chapter 11 cases of Ames Department Stores, Inc. and its subsidiaries, chapter 11 debtors in possession (collectively, the "Debtors"). The Administrative Expense Order authorizes the Debtors to fix the amount of an administrative expense claim by letter signed by an officer of the Debtors. As set forth in the Administrative Expense Order, a claim so fixed shall be an allowed administrative expense claim under section 503(b) of title 11, United States Code (the "Bankruptcy Code") and shall have administrative expense priority under section 507(a)(1) of the Bankruptcy Code.

Your client, Clayson Knitting Company, Inc., has asserted an administrative expense claim in the Debtors' chapter 11 cases in the amount of $104,670.72. The Debtors' records reflect this amount to be accurate, and pursuant to the Administrative Expense Order, the Debtors hereby fix the administrative expense claim of Clayson Knitting Company, Inc. in the amount of $104,670.72.

Payment in respect of such claim will be made at such time or times and in a percentage equal to the treatment of other similarly situated administrative expense claims.

Nothing herein guarantees what the treatment will be of similarly situated administrative expense claims.

Sincerely,

Rolando de Aguiar
President

cc: Ms. Susan Bernard
Timothy Karcher, Esq.